IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEGEND PICTURES, LLC, | |
| Plaintiff, | |
| v. | Case No. 24-cv-07233 |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | Judge John J. Tharp, Jr. |
| | Magistrate Judge Jeffrey T. Gilbert |
| Defendants. | |

**PRELIMINARY INJUNCTION ORDER**

Plaintiff Legend Pictures, LLC filed a Motion for Entry of a Preliminary Injunction against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using at least the domain names identified in Schedule A (the "Defendant Domain Names") and the online marketplace accounts identified in Schedule A (the "Online Marketplaces"). After reviewing the Motion and the accompanying record, this Court GRANTS Legendary's Motion in part as follows.

This Court finds Legendary has provided notice to Defendants in accordance with the Temporary Restraining Order entered September 10, 2024, ECF No. 22 ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that Legendary has provided a basis to conclude that Defendants have sold products bearing unauthorized copies of Legendary's federally registered copyrights (the "Dune Copyrights") and/or using infringing

and counterfeit versions of Legendary's federally registered trademarks (the "Dune Trademarks").

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Legendary's previously granted Motion for Entry of a TRO establishes that Legendary has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Legendary will suffer irreparable harm if the injunction is not granted.

Specifically, Legendary has proved a *prima facie* case of trademark infringement because (1) the Dune Trademarks are distinctive marks and are registered with the U.S. Patent and Trademark Office on the Principal Register, (2) Defendants are not licensed or authorized to use any of the Dune Trademarks, and (3) Defendants' use of the Dune Trademarks is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Legendary. Legendary has also proved a *prima facie* case of copyright infringement because it has demonstrated that (1) Legendary is the owner of the valid and enforceable Dune Copyrights, and (2) Defendants, without any authorization from Legendary, or any right under the law, have deliberately copied, displayed, distributed, reproduced, and/or made derivate works incorporating the Dune Copyrights. Furthermore, Defendants' continued and unauthorized use of the Dune Trademarks and the Dune Copyrights irreparably harms Legendary through diminished goodwill and brand confidence, damage to Legendary's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Legendary has an inadequate remedy at law. Moreover, the public

2

interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

    a. using the Dune Trademarks or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Legendary product or not authorized by Legendary to be sold in connection with the Dune Trademarks;

    b. reproducing, distributing copies of, making derivative works of, or publicly displaying the Dune Copyrights in any manner without the express authorization of Legendary;

    c. passing off, inducing, or enabling others to sell or pass off any product as a genuine Legendary product or any other product produced by Legendary, that is not Legendary's or not produced under the authorization, control, or supervision of Legendary and approved by Legendary for sale under the Dune Trademarks;

    d. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Legendary, or are sponsored by, approved by, or otherwise connected with Legendary; and

    e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Legendary, nor authorized by

3

|   |   |
|---|---|
|   | Legendary to be sold or offered for sale, and which bear any of Legendary's trademarks or copyrights, including the Dune Trademarks and the Dune Copyrights, or any reproductions, counterfeit copies, or colorable imitations. |
| 2. | Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts. |
| 3. | The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, and the domain name registrars, including, but not limited to, GoDaddy Operating Company LLC, Name.com, PDR LTD. d/b/a/ PublicDomainRegistry.com, and Namecheap Inc., within seven (7) calendar days of receipt of this Order or prior to the expiration of this Order, whichever date shall occur first, shall disable the Defendant Domain Names and make them inactive and untransferable until further order by this Court. |
| 4. | Upon Legendary's request, Defendants and any third party with actual notice of this Order who is providing services for any of Defendants, or in connection with any of Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc., AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), Amazon.com, Inc., ContextLogic Inc. d/b/a Wish.com ("Wish.com"), and Dhgate (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Legendary expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine: |

    a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

    b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts and Defendants' sales and listing history related to their respective Online Marketplaces; and

    c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Alipay, Wish.com, Alibaba, Ant Financial Services Group ("Ant Financial"), Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

5. Upon Legendary's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods bearing the Dune Copyrights or using the Dune Trademarks.

6. Any Third Party Providers, including PayPal, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order:

   a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 1 to the Declaration of Ann Marie Sullivan (ECF No. 32), and any e-mail addresses provided for Defendants by third parties; and

   b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

7. Legendary may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Pleadings, this Order, and other relevant documents on a website and by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit 1 to the Declaration of Ann Marie Sullivan (ECF No. 32) and any e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "Hanchuan Ouwanni Clothing Co., Ltd. and all other Defendants identified in the Operative Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from domain name registrars or payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

8. Legendary's Complaint and Exhibits 1-3 thereto (ECF No. 2), Exhibit 1 to the Declaration of Ashlyn Oswald Beiersdorf (ECF No. 15), and the TRO (ECF No. 22) are unsealed.

9. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

10. The three hundred seventeen thousand dollars ($317,000) surety bond posted by Legendary shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

                                      SO ORDERED:

Date: October 9, 2024

                                      John J. Tharp, Jr.
                                      United States District Judge

# Schedule A